■ RM&M FRAMEMAKERS, Appellant, v JILL BAUCOM, Respondent. [603 NYS2d 363] —Weiss, P. J. Appeal from an order of the Supreme Court (Travers, J.), entered December 14, 1992 in Albany County, which granted defendant's motion for summary judgment dismissing the complaint.

Plaintiff is in the retail custom and do-it-yourself picture frame business, which is to a significant degree a service

business. Defendant, a manager of one of plaintiff's retail stores in the Town of Guilderland, Albany County, left her employment on April 25, 1992 and opened a picture framing shop in the Town of Colonie, Albany County, a month later. Defendant had commenced, on her own time, some of the preliminary activities necessary to open a business prior to her departure on April 25, 1992. Plaintiff commenced this action seeking repayment of defendant's salary covering the last three months of her employment alleging that she was a disloyal employee. Upon consent of the parties, Supreme Court converted defendant's motion to dismiss to one for summary judgment and, finding that plaintiff failed to come forth with proof to raise an issue of fact to refute defendant's showing, granted defendant summary judgment dismissing the action. Plaintiff has appealed contending that issues of fact do exist. We disagree and affirm.

In stark contrast to defendant's presentment of specific and detailed evidentiary proof as to her activities, plaintiff erroneously relies solely upon conjecture and speculation (see, Zuckerman v City of New York, 49 NY2d 557, 562), based upon a small decline in sales during the spring of 1992 and plaintiff's inability to locate several pages from an informally made listing of walk-in customers which was irregularly transmitted to its corporate offices, to suggest that defendant was a disloyal employee. Plaintiff has failed to itemize a single act of disloyalty and acknowledges that it does not dissuade employees from opening their own framing stores.

In view of the evidence submitted to Supreme Court, it was incumbent upon plaintiff at least to make an evidentiary showing that an issue of fact existed. The law is well settled that a party, in opposition to a motion for summary judgment, must assemble and lay bare affirmative proof to demonstrate that the matters alleged are real and capable of being established upon a trial (Zuckerman v City of New York, supra). Because plaintiff has failed to do this, the order granting defendant summary judgment must be affirmed.

Mikoll, Yesawich Jr. and Crew III, JJ., concur. Ordered that the order is affirmed, with costs.